# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPHIPHANY LAZARU KING LAZARRE,<br>　　　　Plaintiff,<br><br>　　v.<br><br>GLADYMIR BELIZAIRE,<br>　　　　Defendant. | Civil Action No.<br>18-12244-IT |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, the Plaintiff's <u>Motion to Appoint Counsel</u> [#2]; <u>Motion for Appointment of Marshal</u> [#3] and <u>Application to Proceed Without Prepayment of Fees</u> [#4] are denied. If Plaintiff chooses to proceed with this action, he shall within 28 days of this Order: (1) file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his prison account; and (2) show cause why the complaint should not be dismissed for lack of subject matter jurisdiction or file an amended complaint.

**I.　　Motion to Proceed *In Forma Pauperis***

Plaintiff, an inmate in custody at the Old Colony Correctional Center, filed this civil action with an Application to Proceed Without Prepayment of Fees. However, Plaintiff failed to provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Accordingly,

Plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice. If Plaintiff elects to proceed with this action, he must file a renewed Application accompanied by his certified prison account statement.

Plaintiff is further advised that unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. If the request to proceed *in forma pauperis* is granted, the court will direct the appropriate prison official to withdraw an initial partial payment from the Plaintiff's account followed by payments on a monthly basis, in amounts determined based on the information contained in the prison account statement, until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

## II.   Motion for Appointment of Marshal

Plaintiff has filed a motion seeking to have the court direct the United States Marshal to find and serve the Defendant. Title 28, section § 1915(d), of the United States Code and Fed. R. Civ. P. 4(c)(3) require the court to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP." *See Laurence v. Wall*, 551 F.3d 92, 93 (1st Cir. 2008). The motion is denied as premature, however, because Plaintiff has not yet been authorized to proceed *in forma pauperis* and a summons has not issued.

Plaintiff states that he has the Defendant's last known address in Roslindale, Massachusetts, and does not know her current address. In the event that Plaintiff files a further

motion to proceed *in forma pauperis* and summons are issued for service, Plaintiff would have to provide the Marshal with an address for service.

### III.     Motion to Appoint Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Even if a litigant establishes financial eligibility, the litigant must demonstrate "that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Here, Plaintiff has not yet established that he is financially eligible for appointment of counsel and demonstrated exceptional circumstances, and accordingly the motion is denied as premature.

### IV.     Plaintiff's Complaint Fails to State a Claim for Which this Court has Jurisdiction

Plaintiff alleges that Gladymir Belizaire is the mother of his minor son, that she kicked him out of the house on January 23, 2012, and that she was abusive to both Plaintiff and Plaintiff's minor son from 2009 through 2012. The introduction to the complaint states that this lawsuit is, among other things, "about civil rights, pain and suffering, emotional distress, abuse, discrimination, defamation, . . ." The civil cover sheet accompanying the complaint lists the cause of action as "US § 1983." Both the complaint and civil cover sheet indicate that Plaintiff is seeking damages in the amount of $4,000,000.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively.

Even if the allegations of the complaint are accepted as true, there is no allegation that the parties are diverse for purposes of diversity jurisdiction under 28 U.S.C. §1332. Moreover, no federal question is raised pursuant to 28 U.S.C. §1331. To the extent Plaintiff complains of the violation of his civil rights, the complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because the Defendant is a private party and not a state actor.

Plaintiff's complaint is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. Because "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, the court will allow Plaintiff to show cause why his action should not be dismissed for lack of subject matter jurisdiction, or in the alternative, file an amended complaint[1] that cures the pleading deficiencies of the original complaint.

**V.     Order**

Based upon the foregoing, it is it is hereby ORDERED that

1. The Motion to Appoint Counsel [#2] is denied;

2. The Motion for Appointment of Marshal [#3] is denied;

3. The Application to Proceed Without Prepayment of Fees [#4] is denied without prejudice;

4. If Plaintiff chooses to proceed with this action, he shall, within 28 days of the date of this Memorandum and Order (1) file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a copy of his prison account statement; and (2) show

---

[1] As an amended complaint completely replaces the original complaint, *see ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Plaintiff should repeat in an amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

cause why his complaint should not be dismissed or, in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: January 31, 2019