UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPIPHANY LAZARU KING LAZARRE,<br>   Plaintiff,<br><br>v.<br><br>GLADYMIR BELIZAIRE,<br>   Defendant. | Civil Action No.<br>18-12244-IT |

**MEMORANDUM AND ORDER**

**TALWANI, D.J.**

For the reasons set forth below, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**I. Background**

Plaintiff Epiphany Lazarre, an inmate now confined to Old Colony Correctional Center, initiated this action by filing a self-prepared Complaint [#1] accompanied by an Application to Proceed Without Prepayment of Fees [#4].

By Memorandum and Order [#6] dated January 31, 2019, Plaintiff was advised that the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. The court allowed Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction, or in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs was denied without prejudice to refiling with a copy of his prison account statement.

Now before the court are Plaintiff's Amended Complaint [#9], Renewed Motion for

Leave to Proceed In Forma Pauperis [#7], and Prisoner Trust Fund Account Statement [#8].

**II.     Discussion**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Here, Plaintiff's Amended Complaint does not demonstrate this court's subject matter jurisdiction.

The Amended Complaint states that Plaintiff does "not have a lot of experience in this matter" and "did not know to bring [this] case again[st] the defendant at state court at first." *See* Amended Complaint [#9] at ¶¶ 1-2. Plaintiff explains that "Probate and Family [Court] in Boston fail[ed] to help [Plaintiff] since 2012." *Id.* at ¶ 3 (misnumbered as ¶ 2). After restating his dispute with Defendant as alleged in his original complaint, Plaintiff concludes by stating his belief that "the United States District Court can lead [Plaintiff] in the right directions to find rear (sic) justice" and "help me!!!!" *Id.* at p. 2. The court cannot assist in this way, however, where the court does not have subject matter jurisdiction.

Accordingly, this action is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**III.    Order**

Based upon the foregoing, it is it is hereby ORDERED that is action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

/s/ Indira Talwani  
United States District Judge

Dated: April 2, 2019